UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

BRADFORD & MARY-ANNE SURLOCK, individually
and as next friends of MICHAEL SURLOCK,

*Plaintiffs*,

-against-

NEW YORK STATE OFFICE FOR PEOPLE WITH
DEVELOPMENTAL DISABILITIES; COURTNEY BURKE,
Commissioner, New York State Office for People with
Developmental Disabilities; JOHN GLEASON, Director,
Central New York DDSO; LYNETTE O'BRIEN, Deputy
Director, Central New York DDSO; ANTHONY DINUZZO,
Deputy Director of Quality Assurance, Central New York
DDSO; LAURIE ELLIOT, Treatment Team Leader, Central
New York DDSO, Fulton Office; BARBARA ALEXANDER,
Developmental Assistant III, Central New York DDSO, Fulton
Office; RON REID, House Director, Fravor Road IRA;
VICTORIA LEBOEUF, Former House Director, Fravor Road
IRA; AMY HILLARD, Assistant House Director, Fravor Road
IRA; TRACEY JASIEWICZ FELICIA GRAHAM, and RAY
PERKINS, Former Assistant House Directors, Fravor Road,
IRA; MONIQUE DICKERSON, Fravor Road IRA Nurse;
DONNA MOTYKA, Former Fravor Road IRA Nurse; and
DENISE REYNOLDS, Former Fravor Road IRA Nurse,
CORA SPENCER, JEANETTE MAYNES, and DIANE
FINSTER, Fravor Road IRA Direct Care Staff; "MARY DOE"
and "JANE DOE" are persons employed by OPWDD whose
identities are not presently known,

5:11-CV-1121
(NAM/DEP)

*Defendants*.

_____

**MEMORANDUM OF LAW
IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
THE AMENDED COMPLAINT**

ERIC T. SCHNEIDERMAN
Attorney General of the State of New York
Attorney for Defendant State of New York
615 Erie Boulevard West
Syracuse, NY 13204

Heather R. Rubinstein
Assistant Attorney General of Counsel

# Table of Contents

Preliminary Statement…………………………………………………………………………..4

Statement of Facts…………………………………………………………………………....4

Legal Standard…………………………………………………………………………...…..7

ARGUMENT……………………………………………………………………….....9

I.  FIRST CLAIM - MICHAEL SURLOCK, Substantive Due Process (Against All Defendants)
      A.      The Amended Complaint is Barred by Sovereign Immunity ……………………..9
      B.      The Amended Complaint Fails to State a Claim Upon Which Relief May
             Be Granted………………………………………………………………………10
      C.      Insufficient Personal Involvement …………………………………………13

II.  SECOND CLAIM - MICHAEL SURLOCK, Failure to Protect from Harm (Against All
      Defendants)
      A.      The Amended Complaint is Barred by Sovereign Immunity ……………………14
      B.      The Amended Complaint Fails to State a Claim Upon Which Relief May
             Be Granted………………………………………………………………………15
      C.      Insufficient Personal Involvement …………………………………………15

III.  THIRD CLAIM - MICHAEL SURLOCK, Denial of the Right to Care and Treatment
      (Against All Defendants)
      A.      The Amended Complaint is Barred by Sovereign Immunity ……………………15
      B.      The Amended Complaint Fails to State a Claim Upon Which Relief May
             Be Granted………………………………………………………………………16
      C.      Insufficient Personal Involvement …………………………………………17

IV.  FOURTH CLAIM- MICHAEL SURLOCK, Violation of the ADA………………………17

V.  FIFTH CLAIM - MICHAEL SURLOCK, Negligence (Against Nurse Defendants)……….18

VI.  SIXTH CLAIM - MICHAEL SURLOCK, Negligent Hiring, Training, Supervision, Staffing
and Retention (Against Supervisory Defendants)………………………………………...…21

VII.  SEVENTH CLAIM - BRADFORD and MARY-ANNE SURLOCK, First Amendment
Retaliation (Against All Defendants)
      A.      The Amended Complaint is Barred by Sovereign Immunity ………………….....22
      B.      The Amended Complaint Fails to State a Claim Upon Which Relief May
             Be Granted………………………………………………………………………22
      C.      Insufficient Personal Involvement …………………………………………24

VIII.  EIGHTH CLAIM - BRADFORD SURLOCK, First Amendment Freedom of Association (Against Supervisory and Administrative Defendants)

     A.    The Amended Complaint is Barred by Sovereign Immunity …………………..25

     B.    The Amended Complaint Fails to State a Claim Upon Which Relief May Be Granted……………………………………………………………………25

     C.    Insufficient Personal Involvement …………………………………………25

IV.  NINTH CLAIM - BRADFORD SURLOCK, Procedural Due Process (Against Supervisory and Administrative Defendants)

     A.    The Amended Complaint is Barred by Sovereign Immunity …………………..26

     B.    The Amended Complaint Fails to State a Claim Upon Which Relief May Be Granted……………………………………………………………………26

     C.    Insufficient Personal Involvement …………………………………………27

X.  RELIEF SOUGHT …………………………………………………………………...27

CONCLUSION…………………………………………………………………………..27

## PRELIMINARY STATEMENT

Plaintiffs filed their Complaint September 21, 2011. Docket No. 1. Plaintiffs filed a Motion to Amend Complaint and proposed amended complaint on December 30, 2012. Docket No. 48. Despite Defendants' opposition, the Court granted plaintiffs' Motion to Amend their Complaint and to join additional parties, "with the exception that leave to amend is DENIED insofar as the proposed amended complaint seeks to assert a claim under the American with Disabilities Act, 42 USC section 12, 101 et seq., against the three newly added defendants, including Cora Spencer, Jeanette Maynes and Diane Finster. . . . This ruling is without prejudice to defendants' right to move pursuant to Rules 12(b)(6), 12 (c) and/or 56 of the FRCvP, to dismiss all or portions of plaintiffs' amended complaint." Dkt. No. 52.

Defendant Office of Persons with Developmental Disabilities ("OPWDD") enjoys sovereign immunity from the claims made by plaintiffs in this case. Moreover, causes of action pled by plaintiff fail to state a cause of action and/or are not supported by sufficient allegations to rise to the level of constitutional violations. Accordingly, defendant herein moves to dismiss the complaint in its entirety.

## STATEMENT OF FACTS

This is a civil rights action brought pursuant to 42 U.S.C. § 1983, the ADA and 42 U.S.C. §12131 by Mary-Anne and Bradford Surlock on behalf of their son Michael Surlock and with separate causes of action related solely to Mary-Anne and Bradford Surlock.

Michael Surlock had been a resident of the Fravor Road Individualized Residential Alternative (IRA) since October 2007. Prior to that time he visited the residence on multiple occasions as a short term resident for "respite". As of December 2013, Mr. Surlock, with the consent of his parents, has been moved to an IRA in Central Square. Plaintiffs Mary-Anne and

Bradford Surlock are suing on behalf of their son, as next friend as well as relying on several causes of action related only to them.

Taking plaintiff's allegations as true for the purposes of this motion only, plaintiffs have asserted that:

1)  M. Surlock's substantive due process rights have been violated by all defendants by "subjecting him to a recurring pattern of abuse and neglect, resulting in physical and psychological injury" based upon allegations set forth in paragraphs 1 through 91 of the Amended Complaint (Dkt. No. 53, p. 32, ¶¶192-196);

2)  M. Surlock's due process rights have been violated by all defendants in that they failed to protect him from harm based upon the allegations set forth in paragraphs 1 through 198 of the Amended Complaint (Dkt. No. 53, p. 3, ¶¶199-205);

3)  M. Surlock's due process rights have been violated by all defendants in that M. Surlock was allegedly subject to "a recurring pattern of abuse and neglect" based upon allegations set forth in paragraphs 1 through 205 of the Amended Complaint (Dkt. No. 53, p. 34, ¶¶206-211);

4)  Defendants[1] "discriminated against Michael on the basis of his disability" in violation of Title II of the Americans with Disabilities Act based upon allegations set forth in paragraphs 1 through 211 of the Amended Complaint (Dkt. No. 53, pp. 34-35, ¶¶212-219);

5)  Defendants Dickerson, Reynolds and Motyka (Nurse Defendants, (Dkt. No. 53, ¶38) acted "negligently and with deliberate indifference to Michael's fundamental rights" in

---

[1] Although not specified, based upon the Court's Order filed 2/14/13, Defendants in this instance include all defendants except those newly added defendants, including Cora Spencer, Jeanette Maynes and Diane Finster. Dkt No. 52 at ¶1.

violation of their duty[2] to properly care for Michael based upon factual allegations set forth in paragraphs 1 through 219 of the Amended Complaint (Dkt. No. 53, p. 36, ¶¶220-224);

6) Defendants Gleason, O'Brien, Elliott, Dinuzzo, Alexander, Reid, Leboeuf, Jasiewicz, Hillard, Graham and Perkins (Supervisory Defendants, Dkt. 53, ¶37) were negligent in their hiring, training, supervision, staffing and retention which resulted in a breach their duty to "ensure Fravor Road is staffed with competent personnel who could and would provide an adequate level of care to protect Michael from harm" based upon allegations set forth in paragraphs 1 through 224 of the Amended Complaint (Dkt. No. 53, pp. 36-37, ¶¶225-229);

7) Plaintiffs Bradford and Mary-Anne Surlock's First Amendment Rights were violated by all Defendants by "banning Bradford Surlock from the Fravor Road on at least two occasions and deliberately ruining Michael's clothing and bedding" in retaliation for complaining about the alleged abuse and neglect of their son based upon allegations set forth in paragraphs 1 through 229 of the Amended Complaint (Dkt. No. 53, p. 37, ¶¶230-235);

8) Plaintiff Bradford Surlock's First Amendment Rights were violated by Defendants Office of Persons with Developmental Disabilities, Burke (in her official capacity), Gleason, O'Brien, Elliott, Dinuzzo, Alexander, Reid, Leboeuf, Jasiewicz, Hillard, Graham and Perkins (Administration Defendants, Dkt. 53 ¶¶16 and 36, Supervisory Defendants, *Id*. ¶37) by interfering with his right as a citizen to freely associate with others by periodically banning him from Fravor Road based upon allegations set forth in paragraphs 1 through 235 of the Amended Complaint (Dkt. No. 53, p. 38, ¶¶236-240);

9) Plaintiff Bradford Surlock's procedural due process rights were violated by Defendants Office of Persons with Developmental Disabilities, Burke (in her official capacity),

---

[2] The Amended Complaint fails to indicate what duty or where such duty arises.

Gleason, O'Brien, Elliott, Dinuzzo, Alexander, Reid, Leboeuf, Jasiewicz, Hillard, Graham and

Perkins (Administration Defendants, Dkt. 53 ¶¶16 and 36, Supervisory Defendants, *Id.* ¶37)

when he was periodically banned from Fravor Road "without providing sufficient notice or an

opportunity to be heard" based upon allegations set forth in paragraphs 1 through 240 of the

Amended Complaint  (Dkt. No. 53, pp. 38-39, ¶¶241-246).

## Legal Standard

A motion to dismiss based on sovereign immunity is decided under the legal standard for

Fed. R. Civ. P. 12(b)(1).  <u>Skalafuris v. City Univ. of New York</u>, 2010 WL 1050299, *3

(S.D.N.Y. March 22, 2010).  Under Rule 12(b)(1), the plaintiff has the burden of proving that the

district court has the statutory or constitutional power to adjudicate the case.  <u>Jackson v. NYS</u>

<u>Dep't of Labor</u>, 709 F.Supp. 2d 218, 223 (S.D.N.Y. April 26, 2010), <u>citing</u> <u>Makarova v. United</u>

<u>States</u>, 201 F.3d 110, 113 (2d Cir. 2000).  If necessary, in reviewing a motion to dismiss for lack

of subject matter jurisdiction, a court may consider evidence outside the pleadings.  <u>Jackson</u>, 709

F.Supp.2d at 223; <u>Horton v. Williams</u>, 2010 WL 3338920, *3 (N.D.N.Y. Aug. 24, 2010).

"In reviewing a complaint for dismissal under Rule (12)(b)(6), the court must accept the

material facts alleged in the complaint as true and construe all reasonable inferences in the

plaintiff's favor."  <u>Hernandez v. Coughlin</u>, 18 F.3d 133, 136 (2d Cir.), <u>cert. denied</u>, 513 U.S. 836

(1994).  A complaint is subject to dismissal where "it appears beyond doubt that the plaintiff can

prove no set of facts in support of his claim which would entitle him to relief."  <u>Id</u>.  However,

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice."  <u>Ashcroft v. Iqbal</u>, __ U.S. __, 129 S.Ct. 1937, 1950 (2009).  To

survive a motion to dismiss, the non-conclusory factual allegations must "show" that the claim

for relief is plausible—not merely possible.  <u>Id</u>. at 1949-50 (the plausibility standard requires

"more than a sheer possibility that a defendant has acted unlawfully," because "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief' "), quoting, Fed. R. Civ. P. 8(a)(2).  See also Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 191 (2d Cir.), rehearing denied, __ F.3d __, 2011 WL 338048 (2d Cir. February 4, 2011) (the "facial plausibility" standard requires more than pleading facts that "are 'merely consistent with' a defendant's liability"), quoting Iqbal, 129 S.Ct. at 1949.

A plaintiff is obligated, as this Court has recognized, "to amplify a claim with factual allegations to render the claim plausible and remove it from the realm of speculation."  Gorham-DiMaggio v. Countrywide Home Loans, Inc., 2009 WL 1748743, *7 (N.D.N.Y. June 19, 2009). It is not sufficient to rest on " 'naked assertion[s]' devoid of 'further factual enhancement.' " Iqbal, 129 S.Ct. at 1949, quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007).  See also Cohen v. Stevanovich, 722 F.Supp.2d 416, 432 (S.D.N.Y. July 1, 2010) (holding that "Twombly prohibits complaints that rely on 'mere speculation,' requiring plaintiffs to allege facts supporting a plausible—and not merely a possible—claim to relief.").  In addition, the Second Circuit has repeatedly emphasized that "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to [defeat] a motion to dismiss."  Kirch v. Liberty Media Corp., 449 F.3d 388, 398 (2d Cir. 2006), citation omitted, alteration in original.

Because it appears beyond doubt in this case that plaintiff can prove no set of facts in support of his claim which would entitle him to relief, his complaint must be dismissed in its entirety.

**ARGUMENT**

Plaintiffs have failed to state a cause of action upon which relief can be granted by this Court. Plaintiffs' allegations of their rights to due process, negligence, free speech and right to associate suffer from numerous deficiencies, each of which independently warrants dismissal. As a threshold matter, each "cause of action" and the amended complaint is barred by sovereign immunity. As a pleading matter, the complaint fails to state a plausible claim by failing to allege facts demonstrating violations of plaintiffs' civil rights.

**I**
**FIRST CLAIM – MICHAEL SURLOCK**
Substantive Due Process (Against all Defendants)
42 U.S.C. § 1983; U.S. Const., amend. XIV

**A.   The Amended Complaint is Barred by Sovereign Immunity.**

Should the Court determine that Plaintiff has adequately plead a violation of 42 U.S.C. § 1983, defendants contend that the named defendants are improper defendants in this action. It is well-settled that the State is not a "person" under 42 U.S.C. § 1983, and that statute does not operate to bar States' immunity under the Eleventh Amendment. Will v. Michigan Dept. of State Police, 491 U.S. 58, 66 (1989). The Eleventh Amendment has been interpreted to bar a suit for any relief against a State or an agency of the State in federal court absent its consent or Congressional abrogation. Kentucky v. Graham, 473 U.S. 159, 167 n.14 (1985); Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 100 (1984); Alabama v. Pugh, 438 U.S. 781, 782 (1978). As the Supreme held in Seminole Tribe of Florida v. Florida, 517 U.S. 44 (1996), "[F]or over a century we have reaffirmed that federal jurisdiction over suits against unconsenting States 'was not contemplated by the Constitution when establishing the judicial power of the United States.'" Seminole, 517 U.S. at 54, quoting Hans v. Louisiana, 134 U.S. 1, 15 (1889).

The "Office of Persons with Development Disabilities" is an agency of the State of New York. Accordingly, they are immune to suit under 42 U.S.C. § 1983, and must be dismissed as defendant in the "First Claim". See Yoonessi v. The New York State Board For Professional Medical Conduct, 2005 WL 645223, *10 (W.D.N.Y. March 21, 2005); Harris v. New York State Department of Health, 202 F.Supp.2d 143, 177-178 (S.D.N.Y. April 24, 2002). Furthermore, as Defendant Burke is sued only in her official capacity (Dkt. 53, p. 5, ¶16) she too should be dismissed from this cause of action. See Aiken v. Nixon, et al., 236 F.Supp.2d 211 (NDNY 2002) citing A.A. v. Board of Edu., 196 F. Supp.2d 259; Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989).

**B.     The Amended Complaint Fails to State a Claim Upon Which Relief May Be Granted.**

Plaintiff alleges violations of Fourteenth Amendment right to substantive due process. The Fourteenth Amendment provides, in pertinent part:

All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws. U.S. Const. Amend. XIV, § I.

To prevail on a substantive due process claim, a plaintiff must prove that the conduct at issue was so extreme or egregious that it is fairly viewed as so "'brutal' and 'offensive to human dignity'" that it shocks the conscience. Yap v. Oceanside Union Free School Dist., 303 F. Supp. 2d 284, 296 (E.D.N.Y. 2004) (quoting Johnson v. Glick, 481 F.2d 1028, 1033 n.6 (2d Cir. 1973)). See Smith ex rei. Smith v. Half Hollow Hills Cent. School Dist., 298 F.3d 168, 173 (2d Cir. 2002) ("The protections of substantive due process are available only against egregious conduct which goes beyond merely" 'offend[ing] some fastidious squeamishness or private

sentimentalism'" and can fairly be viewed as so" 'brutal' and 'offensive to human dignity' "as to shock the conscience.") (*quoting* Johnson, 481 F.2d at 1033 n.6). Thus, substantive due process "protects individuals against government action that is arbitrary, conscience shocking, or oppressive in a constitutional sense, but not against government action that is 'incorrect or ill-advised.'" Lowrance v. Achtyl, 20 F.3d 529, 537 (2d Cir. 1994) (internal citations omitted).

"The Supreme Court has stated that not all constitutional claims relating to physically abusive conduct arise under either the Fourth or Eighth Amendments, but 'if a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process.'" Bisignano v. Harrison Central School Dist., 113 F. Supp. 2d 591, 598 (S.D.N.Y. 2000) (*quoting* United States v. Lanier, 520 U.S. 259, 272, 117 S. Ct. 1219, 137 L. Ed. 2d 432 (1997)). This is in keeping with the tenet that where "a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims.'" Id. (*quoting* Albright v. Oliver, 510 U.S. 266, 273 (1994)).

"Under the due process clause, the court must inquire into whether the administrative body has had the opportunity to make an 'informed decision, based on the type of hearing, the administrative burden imposed, and the probable value of the proposed additional safeguards." Ackerman v. State Board for Professional Medical Conduct, 1984 WL 1258 (S.D.N.Y. November 13,1984) citing Mathews v. Eldridge, 424 US 319, 335 (1976). "The Supreme Court has held that the Due Process Clause of the Fourteenth Amendment is not violated when an individual is deprived of property as the result of an unauthorized act of a state employee, as

11

opposed to an established state procedure, provided that the state makes available a meaningful post-deprivation remedy." Harris v. Mills, 478 F.Supp.2d 544, 549 (S.D.N.Y. March 16, 2007) citing Hudson v. Palmer, 468 U.S. 517, 531 (1984); Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986); Marino v. Ameruso, 837 F.2d 45, 47 (2d Cir.1988).

Essentially, plaintiff alleges defendant Spencer, *inter alia*, yelled at M. Surlock and unplugged his radio (Dkt. 53 ¶61);  defendant Maynes yelled at M. Surlock (Dkt. 53 ¶61); defendants Jane and/or Mary Doe yelled at M. Surlock in a loud voice (Id. at ¶100); defendant Finster "pushed, shoved, or handled" M. Surlock and unplugged unspecified sensory devices on unspecified days/times (Id. at ¶109 and 113 respectively); defendant Motyka failed to properly bandage a shoulder wound (Id. at ¶126); defendant Graham sat on M. Surlock's lap and said "I hate you; you are bad" (Id. at ¶140); and Defendants Dickerson, Reynolds and Motyka improperly administered unspecified information on unspecified dates with no allegation of direct harm (Id. at ¶151) .  These allegation, even if true, do not amount to Constitutional violations.  Here, plaintiff has no specified alleged physical injury for any of the specified allegations related to specifically named Defendants (See Dkt. 53).  It is well-settled that mere verbal harassment (i.e. "yelling") does not, by itself, state a claim for a Constitutional violation. Pittsley v. Warish, 927 F.2d 3, 7-8 (1st Cir.), cert. denied, 502 U.S. 879 (1991); Franciotti v. Reynolds, 550 F.Supp. 146, 147 (S.D.N.Y. 1982).

> ... [A] claim under *42 U.S.C. § 1983* is not designed to rectify harassment or verbal abuse.  As such, [plaintiff's] claims against the defendants for verbal harassment fails to state a claim for which relief can be granted.  It may well be that the defendants used language which was unprofessional and unpleasant.  This alone is insufficient to show a viable constitutional violation.

Govan v. Campbell, 289 F.Supp.2d 289, 300 (N.D.N.Y. 2003).  Similarly, unplugging radios or electronic devises, tampering with toys, damaging bedding and clothes with bleach, fall far short of the required standard of "conscience-shocking" and cannot state a claim for a substantive due process violation.  See County of Sacramento v. Lewis, 523 U.S. 833, 849 (1998) ["conduct intended to injure in some way unjustifiable by any government interest is the sort of official action most likely to rise to the conscience-shocking level"]; *See also* Cole v. Fischer, 379 F.App'x 40, 43 (2d Cir. 2010).  Clearly plaintiff's allegations, even taken as true for purposes of the instant motion to dismiss, do not state a claim for a substantive due process violation and the first cause of action must be dismissed.

### C. Insufficient Personal Involvement

Plaintiff asserts the First Claim as to All Defendants.  However, the pleadings fail to sufficiently allege acts of wrong doing against individual defendants (with the exception of those raised infra at I.B.) and thereby fails to make sufficient allegations of personal involvement.

To allege a constitutional violation under 42 U.S.C. §1983, a pleading must state facts sufficient to support a finding that the defendants were personally involved in the alleged violation.  *See* Farrell v. Burke, 449 F.3d 470 (2d. Cir. 2006).

It is well-settled law within the Second Circuit that the doctrine of respondeat superior cannot establish liability on the part of supervisory officials under 42 U.S.C. § 1983.  Green v. Bauvi, 46 F.3d 189, 914 (2d Cir. 1995); Black v. Coughlin, 76 F.3d 72, 74 (2d Cir. 1996).

An individual cannot be held liable for damages under § 1983 "merely because he held a high position of authority."  Back v. Hastings on Hudson Free School District, 365 F.3d 107, 127 (2d Cir. 2004) [*quoting* Black v. Coughlin, 76 F.3d 72, 74 (2d Cir. 1996)]; *see* Brock v. Wright, 315 F.3d at 165 ("[Liability] may not be established against a defendant simply because the

defendant was a policymaker."); <u>Ayers v. Coughlin</u>, 780 F.2d 205, 210 (2d Cir. 1985) (Mere "linkage in the prison chain of command" will not suffice); *see also* <u>Gill v. Mooney</u>, 824 F.2d at 196 (Plaintiff showed nothing except that the Superintendent was in charge of the prison); <u>Styles v. Goord, et al.</u>, 2011 WL 2473508 (2nd Cir. 2011).

Plaintiff must establish fault and causation on the part of each defendant. Therefore, a defendant's personal involvement in the alleged constitutional violation is a prerequisite to the imposition of damages. *See generally* <u>Gill v. Mooney</u>, 824 F.2d at 196; <u>Williams v. Smith</u>, 781 F.2d 319; <u>McKinnon v. Patterson</u>, 568 F.2d at 934. It is incumbent upon plaintiff to "allege particular facts indicating that [each of the individual defendants] was personally involved in the deprivation of the plaintiff's constitutional rights; mere 'bald assertions and conclusions' of law do not suffice". <u>Davis v. County of Nassau</u>, 355 F.Supp.2d 668, 677 (E.D.N.Y. 2005) *quoting* <u>Leeds v. Meltz</u>, 85 F.3d 51, 53 (1996). Plaintiff fails to establish either fault or causation by way of personal involvement on the part of the supervisory defendant as it relates to an alleged § 1983 violation. Rather, with only rare exception, the Amended Complaint does not specify which defendant committed which alleged acts of wrong doing. The Amended Complaint contains facts which fall far short of substantiating personal involvement on the part of the individually named defendants.

**II**
**SECOND CLAIM – MICHAEL SURLOCK**
Failure to Protect from Harm(Against all Defendants)
42 U.S.C. § 1983; U.S. Const., amend. XIV

**A.      The Amended Complaint is Barred by Sovereign Immunity.**

Any allegation with regard to Failure Protect as alleged against OPWDD or Defendant Burke should be dismissed as barred by sovereign immunity (*supra* at I, A.)

**B.    The Amended Complaint Fails to State a Claim Upon Which Relief May Be Granted.**

Plaintiff has failed to state a cause of action upon which relief can be granted by this Court.  The Amended Complaint alleges that M. Surlock's due process rights have been violated by all defendants in that they failed to protect him from harm.

Plaintiff asserts that he was subjected to a recurring patter of abuse and neglect and that defendants had a duty to protect him from "State-inflicted and privately-inflicted harm" (Dkt. 53 at p. 33).  However, the allegations set forth in the Amended Complaint fail to allege facts sufficient to support a claim upon which relief can be granted.  Instead the Amended Complaint makes sweeping allegations relying on "examples" - which fail to meet their burden.

Furthermore, this cause of action is duplicative of the next and relies on the same facts and legal arguments.  Therefore, should the Court fail to find defendants arguments compelling, we respectfully request that either the second or third cause of action be dismissed as redundant.

**C.    Insufficient Personal Involvement**

Plaintiff asserts the Second Claim as to All Defendants.  However, the pleadings fail to sufficiently allege acts of wrong doing against individual defendants (with the exception of those raised infra at I.B.) and thereby fails to make sufficient allegations of personal involvement (*supra* at I., C.)

**III**
**THIRD CLAIM – MICHAEL SURLOCK**
Denial of the Right to Care and Treatment (Against all Defendants)
42 U.S.C. § 1983; U.S. Const., amend. XIV

**A.    The Amended Complaint is Barred by Sovereign Immunity.**

Any allegation with regard to Failure Protect as alleged against OPWDD or Defendant Burke should be dismissed as barred by sovereign immunity (*supra* at I, A.)

**B.    The Amended Complaint Fails to State a Claim Upon Which Relief May Be Granted.**

Plaintiff has failed to state a cause of action upon which relief can be granted by this Court.  Plaintiff's allegations that his right to due process pursuant to the Fourteenth Amendment suffers from numerous deficiencies, each of which independently warrants dismissal.   The Amended Complaint alleges that M. Surlock's due process rights have been violated by all defendants in that M. Surlock was allegedly subject to "a recurring pattern of abuse and neglect" and by doing so acted intentional and with deliberate indifference to M. Surlock's needs (Dkt. No. 53, p. 34).  However, the allegations contained in the factual allegation portion of the pleading do not rise to the level of deliberate indifference.  Plaintiff alleges that an incident on November 5, 2008 serves an example that "Defendants physically and psychologically abuse and neglect Michael."  However, mere negligence does not meet the intentionality element of deliberate indifference.  Rather, the allegation itself is entitled, inter alia, "neglect." Furthermore, the wrong doers associated with that act are not named as defendants in this litigation (Dkt. 53 at p. 21).

Individuals committed to state custody have constitutionally protected liberty interests in adequate food, shelter, clothing, medical care and conditions of reasonable care and safety.  "To sustain a claim for failure to provide an individual in Custody with [reasonable] medical care, a plaintiff must prove deliberate indifference to serious medical needs.  An official acts with the requisite deliberate indifference when that official knows and disregards an excessive risk to the person in custody's health or safety."  Phillips ex rel. Green v. City of New York, 453 F. Supp2d 690, 722-23 (SDNY 2006); *see also* Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998) (*quoting* Farmer v. Brennan, 511 US 825, 837 (1994)).  Plaintiff fails to state a claim for relief that is plausible on its face.  There is no allegation that the defendants were both aware of the

facts from which an inference could be drawn that a substantial risk of serious harm existed as well as the drawing of such inference.

Furthermore, this Third Cause of Action asserts the same wrong doing premised under the same legal theory as the Second Cause of Action contained herein and therefore, should the Court find that defendants arguments are not compelling, either the second or third cause of action should be dismissed due to their redundancy.

### C.    Insufficient Personal Involvement

.    Plaintiff asserts the Third Claim as to All Defendants.  However, the pleadings fail to sufficiently allege acts of wrong doing against individual defendants (with the exception of those raised infra at I.B.) and thereby fails to make sufficient allegations of personal involvement (*supra* at I., C.).

**IV**
**FOURTH CLAIM – MICHAEL SURLOCK**
Violation of Title II Americans with Disabilities Act
42 U.S.C. § 12321 et seq.

Title II of the ADA provides that "no qualified individual with a disability, shall, by reason of such disability, be excluded from the participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  24 USC § 12132.  The ADA is meant to protect disabled persons from discrimination in the provision of public services.  Cerpac v. Health and Hosps. Corp., 147 F.3d 165, 167 (2d Cir. 1998).

To the extent that Plaintiff M. Surlock seeks to sue any individual defendants for money damages under the ADA, his claims are barred because individuals cannot be held liable for money damages under the ADA in either their personal or official capacities.  *See* Perciballi v. State of New York, 2010 US Dist. Lexis 107835 (SDNY 2010).  Claims against defendants in

their individual capacity claims are barred because the ADA does not provide for individual capacity suits against supervisors. Spiegel v, Schulmann, 604 F.3d 72, 80 (2d Cir. 2010) ("[T]he retaliation provision of the ADA . . . cannot provide for individual liability."); Fox v. State Univ. of N.Y., 497 F. Supp. 2d 446, 449 (EDNY 2007) ("The plaintiff's claims against the individual defendants in their individual capacity must be dismissed because there is no individual liability under Title I ... of the ADA."); Arena v. Agip USA Inc., No. 95 Civ. 1529 (WHP), 2000 U.S. Dist. LEXIS 2578 (S.D.N.Y. Mar. 8, 2000) ("[T]here is no individual liability . . . under the ADA."). Accordingly, his individual capacity claims should be dismissed.

Further, the Eleventh Amendment bars damages claims against the individual defendants in their official capacities. "To the extent that a state official is sued for damages in his official capacity, such a suit is deemed to be a suit against the state, and the official is entitled to invoke the Eleventh Amendment immunity belonging to the state." Ying Jing Gan v. City of N.Y., 996 F.2d 522, 529 (2d Cir. 1993). Accordingly, all claims against the individual defendants, including Burke should be dismissed.

Additionally, the complaint provides no factual basis on which a finder of fact could conclude that an "able-bodied" individual who attempts to receive treatment would be treated any differently - given that the OPWDD serves only those persons who qualify under the ADA such disparate treatment in services is impossible. See Aiken v. Nixon, et al., 236 F. Supp. 2d 211 (NDNY 2002).

## FIFTH CLAIM – MICHAEL SURLOCK
### Negligence (Against Nurse Defendants)

Presumably, negligence is the pendant state law claim that plaintiff asserts arises from the same common nucleus as the federal claims (Dkt. No. 53 at ¶10). Furthermore, although not specifically stated, because it is alleged against "nurse defendants", this is a claim for medical

negligence.  Pendent venue allows "a federal court . . . in its discretion [to] hear pendent claims which arise out of the same nucleus of operative fact as a properly venued federal claim, even if venue of the pendent claim otherwise would not lie."  Hsin Ten Enter. USA, Inc. v. Clark Enter., 138 F. Supp. 2d 449, 462 (S.D.N.Y. 2000) (Scheindlin, J.) (internal quotation marks omitted).  In applying pendent venue, the Court must first determine the "primary claim" and second, "apply the venue statute applicable to that claim." Cold Spring Harbor Lab, v. Ropes & Gray, LLP, 762 F. Supp. 2d 543, 552 (E.D.N.Y. 2011) (Spatt, J.) (internal quotation marks omitted).  If the Court finds that venue is proper for the primary claim, "venue is proper for any subsidiary claim that shares a common nucleus of operative fact with the primary claim." Sea Tow Servs. Int'l. v. Pontin, 472 F. Supp. 2d 349, 366 n. 9 (E.D.N.Y. 2007) (Bianco, J.) (quoting 14D Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 3808 (3d ed. 2012)).  The 11th

Amendment to the U.S. Constitution grants the state legal power to assert the sovereign immunity defense, should it choose to do so.  However, the state can waive its sovereign immunity defense, in accordance with the principle that the applicable statutes pertaining to the state's liability must be strictly construed.  Bergmann v. State, 281 A.D.2d 731 (3d Dept 2001); Lepkowski v. State, 1 N.Y.3d 201 (2003).  The state can be held liable only under those circumstances authorized by statute or those situations where it is has waived immunity for acts of its officers and employees within the clear meaning of the Court of Claims Act.  Rider v. State, 177 Misc. 168, 30 N.Y.S.2d 119 (Ct. Cl. 1941), *judgment aff'd*, 263 A.D. 1022, 33 N.Y.S.2d 935 (3d Dep't 1942).

The State of New York waived its sovereign immunity in adopting the Court of Claims Act:

> "*The state hereby waives its  immunity from liability and action  and hereby  assumes  liability  and  consents  to  have the same determined in*

> *accordance with the same rules of law as applied to actions in the supreme court against individuals or corporations, provided the claimant complies with the limitations of this article."* Court of Claims Act §8.

One of the limitations in the Court of Claims Act is that claims for money damages against the state must be brought in the Court of Claims. *See*, <u>Cass v State of New York</u> 58 N.Y.2d 460, 461 N.Y.S.2d 1001(1983). citing (<u>Schaffer v Evans, 57 NY2d 992.)</u> 457 N.Y.S.2d 237. 1982; <u>Nemani v United Health Servs</u>,170 A.D.2d 782, 565 N.Y.S.2d 877 (3rd Dept 1991).

Jurisdiction reposes in the Court of Claims where "the essential nature of the claim [against the State] is to recover money", but not where "monetary relief is incidental to the primary claim" <u>Harvard Financial Services v State of New York</u>, 266 A.D.2d 685, 698 N.Y.S.2d 84 (3rd Dept 1999); <u>Matter of Gross v Perales,</u> 72 NY2d 231, 236; see, <u>Ozanam Hall v State of New York,</u> 241 AD2d 670, 671; *see also*, Court of Claims Act § 9 [2]).

"The State, of course, cannot be brought into an action for damages in any court other than the Court of Claims (Court of Claims Act, § 8) and the only way that a claim can be brought against the State is to follow the procedure detailed in section 10 of the Court of Claims Act". <u>Berlin & Jones v State of New York</u>, 85 Misc.2d 970 at 978, 381 N.Y.S.2d 778 (Ct.Cl. 1976).

The allegations contained in the Amended Claim fails to state a cause of action for which relief can be granted in federal court.

In addition, the pleadings do not sufficiently assert personal involvement for defendants Dickerson, Reynolds and Motyka. Rather, all three are lumped together for unspecified dates and times without any allegations of specific injury. *See* Dkt. No. 53, ¶¶ 151-153. Therefore, we respectfully request that Court decline to decline to exercise jurisdiction over the state law claims.

# VI
## SIXTH CLAIM – MICHAEL SURLOCK
### Negligent Hiring, Training, Supervision, Staffing, and Retention
#### (Against Supervisory Defendants)

It is well-settled law within the Second Circuit that the doctrine of respondeat superior cannot establish liability on the part of supervisory officials under 42 U.S.C. § 1983.  Green v. Bauvi, 46 F.3d 189, 914 (2d Cir. 1995); Black v. Coughlin, 76 F.3d 72, 74 (2d Cir. 1996).

An individual cannot be held liable for damages under § 1983 "merely because he held a high position of authority."  Back v. Hastings on Hudson Free School District, 365 F.3d 107, 127 (2d Cir. 2004) [*quoting* Black v. Coughlin, 76 F.3d 72, 74 (2d Cir. 1996)]; *see* Brock v. Wright, 315 F.3d at 165 ("[Liability] may not be established against a defendant simply because the defendant was a policymaker."); Ayers v. Coughlin, 780 F.2d 205, 210 (2d Cir. 1985) (Mere "linkage in the prison chain of command" will not suffice); *see also* Gill v. Mooney, 824 F.2d at 196 (Plaintiff showed nothing except that the Superintendent was in charge of the prison); Styles v. Goord, et al., 2011 WL 2473508 (2nd Cir. 2011).

Plaintiff must establish fault and causation on the part of each defendant.  Therefore, a defendant's personal involvement in the alleged constitutional violation is a prerequisite to the imposition of damages.  *See generally* Gill v. Mooney, 824 F.2d at 196; Williams v. Smith, 781 F.2d 319; McKinnon v. Patterson, 568 F.2d at 934.

"To sustain a claim based upon inadequate training, a plaintiff must demonstrate not only that there is a deficiency in the actor's training, but also that the deficiency identified is 'closely related to the ultimate injury'".  Mays v. City of Middletown, 70 A.D.3d 900 *quoting* Canton v. Harris, 489 U.S. at 391.  Here, plaintiffs have failed to make such a demonstration.

## SEVENTH CLAIM – BRADFORD AND MARY-ANNE SURLOCK
First Amendment Retaliation (Against All Defendants)
42 U.S.C. § 1983; U.S. Const., amend. I & XIV

**A.      The Amended Complaint is Barred by Sovereign Immunity.**

The claim should be dismissed as to the administrative defendants (OPWDD and Burke) as they are entitled to immunity (supra I., A.).

**B.      The Amended Complaint Fails to State a Claim Upon Which Relief May Be Granted.**

Plaintiff has failed to state a cause of action upon which relief can be granted by this Court.  To succeed on a retaliation claim, an inmate must first establish that he engaged in constitutionally protected activity.  In the absence of such a showing, his claim necessarily will fail.  Plaintiffs have failed to make a showing that they were engaged in a protected activity. To state a claim under Section 1983, plaintiffs must allege facts indicating that some official action has caused the plaintiffs to be deprived of his and her constitutional rights - there must be a showing of injury.  Colombo v. O'Connell, 310 F.3d 115 (2d Cir. 2002).  "Various forms of harm have been accepted as satisfying this injury requirement in the context of a claim that a public official has injured the plaintiff in retaliation for her exercise of her First Amendment rights."  Zherka v. Amicone, 634 F.3d 642, 643 (2d Cir. 2011).  Private citizens claiming retaliation for criticizing public officials are required to show they have suffered an "actual chill" in their speech as a result.  Gill v. Pidlypchak, 389 F3d 379 (2d Cir 2004) *citing* Spear v. Town of Hartford, 954 F.2d 63, 68 (2d Cir. 1992).  Although there are limited exceptions, as a general matter, First Amendment retaliation plaintiffs are required to allege actual chilling.  Here, there is no allegation of any affect on plaintiffs continued protected conduct.  Rather, the pleadings

clearly indicate that the allegedly protected conduct and speech continued after any alleged retaliation.

As the third element of a retaliation claim, an inmate must establish a causal connection between the protected activity and the adverse action. This element has two prongs.

> Plaintiff has the initial burden of showing that an improper motive played a substantial part in defendant's action. The burden then shifts to defendant to show it would have taken exactly the same action absent the improper motive.

Scott v. Coughlin, 344 F.3d 282, 288 (2d Cir. 2003). It is clear that this "causation is understood to be but-for causation . . . if there is a finding that retaliation was not the but-for cause of the [adverse action], the claim fails for lack of causal connection between unconstitutional motive and resulting harm, despite proof of some retaliatory animus in the official's mind . . . It may be dishonorable to act with an unconstitutional motive . . . but action colored by some degree of bad motive does not amount to a constitutional tort if that action would have been taken anyway." Hartman v. Moore, 547 U.S. at 260 (citing Crawford El at 593 and Mt. Healthy City Bd. of Ed. v. Doyle, 429 U.S. 274, 283-84 [1977]).

Plaintiff bears the initial burden of showing that the defendant's retaliatory motive caused the deprivation in issue. See Scott, 344 F.3d at 288. Crawford El v. Britton, 523 U.S. 574, 593 (1998) (in a retaliation case, "[p]roof of an improper motive is not sufficient to establish a constitutional violation -- there must also be evidence of causation."); Mt. Healthy City School District Board of Education v. Doyle, 429 U.S. 274, 287 (1977) (plaintiff bears the burden of showing that protected conduct "was a 'motivating factor' in the [adverse action]"). In the absence of this required proof that a retaliatory motive caused the deprivation in issue, the claim must be dismissed.

Iqbal was most recently explained by the circuit in Hayden v. Patterson, 594 F.3d 150 (2d Cir. 2010). According to Hayden, Iqbal suggested a "'two pronged approach . . . (a) court 'can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth . . . At the second step, a court should determine whether the 'well-pleaded factual allegations . . . plausibly give rise to an entitlement to relief.'" 594 F.3d at 161 (*quoting* Iqbal at 1950).

The Amended Complaint fails to meet this burden. There, there is no suggestion that any allegedly protected activity was causally linked in any way to the alleged retaliatory actions. Plaintiffs have not provided any specifics about their communications with defendants. In addition, the is no indication when such protected acts occurred. Therefore, it is impossible to determine if the allegedly protected actions were proximate in time to the alleged acts of retaliation or if they were to far removed from the alleged adverse actions. Defendants contend that the statements with regard to retaliation are too vague and conclusory to withstand a motion to dismiss. *See also supra* IV., B.

**C.    Insufficient Personal Involvement**

Plaintiffs assert the Seventh Claim as to All Defendants. However, the pleadings fail to sufficiently allege acts of wrong doing against individual defendants (with the exception of those raised infra at I.B.) and thereby fails to make sufficient allegations of personal involvement (*supra* at I., C.).

**VIII**

**EIGHTH CLAIM – BRADFORD SURLOCK**

First Amendment Freedom of Association (Against Supervisory and Administrative Defendants)

42 U.S.C. § 1983; U.S. Const., amend. I & XIV

**A.      The Amended Complaint is Barred by Sovereign Immunity.**

The claim should be dismissed as to the administrative defendants (OPWDD and Burke) as they are entitled to immunity (supra I., A.).

**B.      The Amended Complaint Fails to State a Claim Upon Which Relief May Be Granted.**

Plaintiff has failed to state a cause of action upon which relief can be granted by this Court.  Plaintiff's allegations regarding violations of his First Amendment Right suffers from numerous deficiencies, each of which independently warrants dismissal (*supra* at VII., B and IV., B).

**C.      Insufficient Personal Involvement**

.      Plaintiff asserts the Eighth Claim as to defendants Office of Persons with Developmental Disabilities, Burke (in her official capacity), Gleason, O'Brien, Elliott, Dinuzzo, Alexander, Reid, Leboeuf, Jasiewicz, Hillard, Graham and Perkins.  However, the pleadings fail to sufficiently allege acts of wrong doing against individual defendants (with the exception of those raised infra at I.B.) and thereby fails to make sufficient allegations of personal involvement (*supra* at I., C.)         .

**IV**
**NINTH CLAIM – BRADFORD SURLOCK**
Procedural Due Process (Against Supervisory and Administrative Defendants)
42 U.S.C. § 1983; U.S. Const., amend. XIV

**A.      The Amended Complaint is Barred by Sovereign Immunity**

The claim should be dismissed as to the administrative defendants (OPWDD and Burke) as they are entitled to immunity (supra I., A.).

**B.      The Amended Complaint Fails to State a Claim Upon Which Relief May Be Granted.**

Plaintiff Bradford Surlock alleges that his temporary restriction from visiting M. Surlock at Fravor Road unconstitutionally interfered with his due process right of familial association. Family members have, "in general terms, a substantive right under the Due Process Clause 'to remain together without the coercive interference of the awesome power of the state.'" Tenenbaum v. Williams, 193 F.3d 581, 600 (2d Cir. 1999) (*quoting* Duchesne v. Sugarman, 566 F.2d 817, 825 (2d Cir. 1977)).  In order to prevail on his claim, Bradford Surlock must demonstrate that his separation from Michael was "so shocking, arbitrary, and egregious that the Due Process Clause would not countenance it even were it accompanied by full procedural protection." *Id.*

Bradford Surlock's inability to visit with Michael in the Fravor Road resident is, at the very most, a temporary separation from Michael Surlock, which, possibly difficult and upsetting for both men, was not so "shocking, arbitrary, and egregious" as to violate Mr. Surlock's substantive due process rights. *See* Anthony  v. City of New York, 2001 U.S. Dist. LEXIS 8923 (SDNY 2001) *aff* Anthony v. City of New York, 2003 US App LEXIS 16279 (2d Cir. 2003). *See also supra* VII., B.

**C.    Insufficient Personal Involvement**

With regard to supervisory defendants, plaintiff has failed to make necessary specific

allegations as to individual defendants (supra I., C.)

**V.**
**RELIEF SOUGHT**

The Supreme Court has held that the Eleventh Amendment and the principles governing

the issuance of declaratory judgment prohibit the award of a declaration that the state officials'

prior conduct violated federal law.  Green v. Mansour, 474 U.S. 64, 65-66 (1985).  Here

Plaintiffs, inter alia, seek declaratory relief against defendants.  Such relief is improper.

**CONCLUSION**

For all of the foregoing reasons, plaintiff's Amended Complaint should be dismissed in

its entirety.

Dated: Syracuse, New York
        May 15, 2013

> ERIC T. SCHNEIDERMAN
> Attorney General of the State of New York
> Attorney for Defendants
> Office of the Attorney General
> 615 Erie Boulevard West, Suite 102
> Syracuse, New York  13204
> *Heather R. Rubinstein*
> ———————————————————
> Heather R. Rubinstein
> Assistant Attorney General
> Bar Roll No. 514307
> Telephone:  (315) 448-4800
> Fax:  (315) 448-4853

TO:    Michael H. Sussman, Esq. (via cm/ecf)
       William J. Porta, Esq. (via cm/ecf)
       Gustave J. DiBianco, Esq. (via cm/ecf)